# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KRISTIE L. YUTZY; CHRISTOPHER M. YUTZY; SKYLER L. YUTZY and DANISHA M. YUTZY, infants under the age of eighteen and through their next of friend, KRISTIE L. YUTZY,**

        **Plaintiffs,**

*vs*.                                                  **CIVIL ACTION NO. 206cv34**

**RALPH JOSEPH MAY and LISA MYERS,**

        **Defendants.**

## ORDER SCHEDULING INFANT SETTLEMENT HEARING

This Court has been advised that the parties have reached a settlement of all matters in controversy in this civil action, including, but not limited to, infant plaintiffs' claims for loss of parental consortium and that, therefore, Court approval of this settlement, pursuant to the applicable West Virginia statute, is necessary. The Court has also been advised that the parties have consented to the undersigned Magistrate Judge exercising jurisdiction pursuant to 28 U.S.C. § 636(c).

Accordingly, this Court, hereby, appoints Stephen Jory, of Elkins, West Virginia, a practicing member of the bar of this Court, to serve as *guardian ad litem* for Skyler L. Yutzy and Danishya M. Yutzy, infants, and it is **ORDERED** that infant plaintiffs, Skyler L. Yutzy and Danishya M. Yutzy, by Stephen Jory, their *guardian ad litem*, and counsel for all plaintiffs, and defendants, by counsel, appear before the Court on **Thursday, January 31, 2008, at 10:00 a.m.**, at the Elkins point of holding court, for the infants' settlement hearing. The parties should file a motion or petition for approval of the infants' settlement on or before **January 25, 2008**. The *guardian ad litem* should file, if possible, a response to the motion or petition for approval of

settlement with this Court on or before **January 29, 2008**.

In connection with this hearing, the Court may also consider a request for attorney's fees, should such a request be made, for legal work performed on behalf of the infant plaintiffs. See *Statler v. Dodson*, 466 S.E.2d 497 (W.Va. 1995) (requiring court, before awarding attorney's fees, to determine if legal employment is "reasonably necessary," if contact for employment was fair and reasonable, and if legal fees requested were reasonable in relation to legal services performed.) In determining attorney's fees, the Court shall follow the twelve-factor test adopted by the West Virginia Supreme Court of Appeals in *Aetna Casualty & Surety Co. v. Pitrolo*, 176 W.Va. 190, 342 S.E.2d 156, 162 (1986); see also *Donnarumma v. Barracuda Tanker Corp.*, 79 F.R.D. 455 (C.D. Cal. 1978) ("[w]here minors are involved, *quantum meruit* is a favored approach of courts discharging their responsibilities to zealously safeguard the interest of minors"); see additionally *Stafford v. Bishop*, 98 W.Va. 625, 127 S.E. 501 (1925). The Court shall not be bound by any contingent fee agreements in determining the appropriate fees. Donnarumma, 79 F.R.D. at 469.

The Clerk is directed to transmit copies of this order to counsel of record and to Stephen Jory, *guardian ad litem*.

DATED: January 17, 2008

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE